**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **No. 3:11-CR-023-M-04** |
| | § | |
| **FREDRICK PETERSON,** | § | |
| | § | |
| **Defendant,** | § | |
| | § | |
| **and** | § | |
| | § | |
| **AT HOME STORES, LLC,** | § | |
| | § | |
| **Garnishee,** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

By order of reference filed March 6, 2018, before the Court is the defendant's *Claim for Exemptions, Request for Hearing, and/or Request for Transfer*, filed February 16, 2018 (doc. 338). Based on the relevant filings and applicable law, the claim and request should be **DENIED**.

## I. BACKGROUND

On January 26, 2011, Frederick Peterson ("Defendant") was indicted for bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and §2. (*See* doc. 1.) On June 21, 2011, he pleaded guilty to that offense as alleged in a superseding indictment filed March 8, 2011, under a plea agreement. (docs. 108, 109, 134, 140, 141.) By judgment dated October 6, 2011, he was sentenced to forty-eight months of imprisonment and three years of supervised release, and ordered to pay a special assessment of $100.00, as well as full restitution, jointly and severally with co-defendants, in the amount of $421,000.00. (doc. 251.)

On November 22, 2017, the United States filed an *ex parte* application for a writ of

garnishment under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3202 and 3205 to be issued to At Home Stores, LLC (Garnishee) for the substantial non-exempt property of Defendant to satisfy the outstanding balance of the restitution, which it contended was $ 382,707.09. (doc. 335.)  On December 6, 2017, the Court ordered the Clerk to issue the writ ordering Garnishee to withhold or retain any property in which Defendant had a substantial nonexempt interest.  (*See* doc. 336.)  The Clerk issued a notice of garnishment that advised Defendant of his right to claim exemptions for some property, and his right to request a hearing within twenty days of receipt of the notice to explain why the property sought was exempt and why he thought he did not owe the debt to the government.  (doc. 337.)

Defendant filed his claim for exemption and request for a court hearing on February 10, 2018. (doc. 338.) It stated, "I think the property the Garnishee '25%' is withholding is exempt under the following applicable exemptions:____", but did not specify the exemption Defendant believed to be applicable. (*Id.*)

On March 6, 2018, Garnishee filed its answer to the writ of garnishment. (doc. 343.)  The answer stated that Garnishee was Defendant's employer, he was paid bi-weekly, and the amount of nonexempt disposable earnings required to be withheld was $307.70.  (*See id.*)  Defendant did not file an objection to the Garnishee's answer. The United States filed a response to Defendant's claim for exemptions and request for a hearing on March 8, 2018, contending that the outstanding balance of the restitution as of March 1, 2018, was $380,880.56, and that Defendant had not shown any grounds for a hearing. (doc. 342.)

## II.  ANALYSIS

The Mandatory Victim Restitution Act (MVRA), codified at 18 U.S.C. § 3663A *et. seq.*,

"makes restitution mandatory for certain crimes." *United States v. DeCay*, 620 F.3d 534, 539 (5th Cir. 2010) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)(A)); *see also United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) (noting that according to the legislative history, the MVRA was intended to strengthen the government's ability to collect restitution). The MVRA authorizes the United States to enforce restitution orders in the same manner as criminal fines, and by all other available means. *Phillips*, 303 F.3d at 550-51 (citing 18 U.S.C. § 3664(m)(1)(A)). Section 3613(a) authorizes the United States to collect federal criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *Id*. at 551 (citing § 3613(a)); *United States v. Elashi*, 789 F.3d 547, 549 (5th Cir. 2015).  Federal criminal fines and restitution are treated in the same manner as federal tax liens, and the only property exempt from garnishment is that which the United States cannot seize to satisfy the payment of federal taxes.  *Elashi*, 789 F.3d at 549 (citing § 3613(c)).[1]

The practices and procedures for enforcement of civil judgment under federal law are set forth in the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308. *Phillips*, 303 F.3d at 550-51 (noting that the FDCPA is the "most effective" means for enforcing restitution orders). The FDCPA authorizes the government to seek writs of garnishment against property, including nonexempt disposable earnings,[2] in which a debtor has a substantial nonexempt interest in order to satisfy a judgment.  *See* 28 U.S.C. § 3205(a); *United States v. Clayton*, 623 F.3d 592, 595

---

[1]  The property exempt from levy is listed in 26 U.S.C. § 6334(a).

[2] "'Nonexempt disposable earnings'" is defined as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act."  28 U.S.C. § 3002(9).  "The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."  15 U.S.C. § 1672(a).  "The term 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld."  15 U.S.C. § 1672(b).

(5th Cir. 2010) (citing § 3205(a)).

Sections 3202 and 3205 provide the means by which debtors may challenge the issuance of writs of garnishment. *United States v. Edward D. Jones & Co., L.P.*, No. 4:10cr57.6, 2011 WL 7025905, at *2 (E.D. Tex. Dec. 21, 2011) (citing § 3202(b) and (d), 3205(c)(5)).

**A.     Section 3202**

Section 3202(d) permits a defendant to request a hearing on the writ of garnishment within 20 days of receipt of notice of the writ of garnishment, but limits the issues at the hearing to: (1) the probable validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement for the issuance of the writ; (3) and certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d).

Here, the United States has filed an application for a writ of garnishment against alleged nonexempt property of Defendant, the Court ordered the issuance of the writ, and the Clerk provided Defendant notice. Prior to the Garnishee filing an answer, Defendant filed a claim for exemption form and requested a hearing, but he did not identify any exemption he claims is applicable. He left the exemption section of the form blank, although he wrote in "25%" in the blank intended for the Garnishee's name. (doc. 338.)

Defendant has failed to claim a valid exemption. He may not petition for reduction or denial of the twenty-five percent of nonexempt disposable earnings under § 3202(d). *United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007). He does not claim that the United States failed to comply with any  statutory requirement for the issuance of the writ, and the criminal restitution judgment against him was not issued by default. He has therefore failed to allege any of the statutory requirements that would entitle him to a hearing under § 3202(d). *See United States*

*v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011) (finding no abuse of discretion in denying hearing where the defendant did not coherently describe the exemption he was asserting or assert any noncompliance with the statutory requirements); *United States v. Atkins*, No. 3:15-CR-519-L, 2016 WL 7240594, at \*2 (N.D. Tex. Nov. 04, 2016)(defendant who did not identify any applicable exemption on his claim for exemption failed to allege any of the statutory requirements that would entitle him to a hearing); *United States v. First Bank & Trust East Texas*, 477 F. Supp. 2d 777, 782-83 (E.D. Tex. 2007) (finding no hearing was warranted where the defendant failed to set forth either a colorable claim that an exemption applied to the garnished property or any issue for which a hearing was statutorily allowed).

**B.    <u>Section 3205</u>**

Section 3202(d) is not the sole avenue for a judgment debtor to request a hearing.  Section 3205 allows a judgment debtor to file an objection to the garnishee's answer within twenty days of its receipt and request a hearing:

> Objections to answer.--Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

28 U.S.C. § 3205(c)(5); *see also F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at \*7 (5th Cir. Oct. 12, 2007) (per curiam).

To properly place an objection under § 3205 before the court, the judgment debtor must file a written objection to the garnishee's answer and request a hearing within twenty days after the receipt of the answer, state the grounds for his objection, and serve the objection and the request for

hearing on the garnishee and all parties.  28 U.S.C. § 3205(c)(5).  If these procedural requirements are met, the court must then hold a hearing within ten days of the date of receipt of the request or as soon as practicable.  *Id.*

Here, Defendant requested a hearing *before* Garnishee filed its answer.  Because he did not file a written objection to Garnishee's answer, he is not entitled to a hearing under § 3205(c)(5).  *See United States v. Ingleman*, No. 3:10-CV-1597-B, 2013 WL 12137733, at *2-3 (N.D. Tex. Jun. 26, 2013)("a hearing under 3205(c)(5) is warranted only where the objection is to an answer"); *United States v. Pettigrew*, No. 3:10-CV-2142, 2011 WL 900545, at *2 (N.D. Tex. Mar. 14, 2011)(no hearing warranted where the debtor did not object to the garnishee's answer).

Even if his pre-answer filing is considered, however, Defendant has still not properly placed an objection before the Court and met the procedural requirements imposed by § 3205.  He did not state any grounds for objection, and his pre-answer does not reflect that it was served on Garnishee.  *See* U.S.C. § 3205(c)(5); *see also United States v. Wilson*, 710 F. App'x 209,  210 (5th Cir. 2018)(the court did not abuse its discretion by denying hearing request because defendant's request for hearing did not assert any grounds for objecting to the garnishment); *Ingleman*, 2013 WL 12137733, at *3 (concluding that the defendant had not made an objection within the scope of § 3205(c)(5) triggering a mandatory hearing, nor complied with the procedural requirements of service, so there was no error in denying his motion for a hearing); *Crowther*, 473 F. Supp. at 731-32 (judgment debtor who filed blank exemption form and separate request for hearing, and who did not disclose substance of objection until hearing, failed to properly object to garnishment proceedings under § 3205(c)(5)).  Defendant is therefore also not entitled to a hearing under § 3205(c)(5).

## III.  RECOMMENDATION

Defendant's claim for exemption and request for a hearing should be **DENIED**.

**SO RECOMMENDED on this 2nd day of August, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE